IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD SMITH,

    Petitioner,

vs.                                             Case No. 18-cv-1141-DRH

T.G. WERLICH,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Federal Correctional Institution Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his sentence. Although the Petition is brief, it appears that Petitioner is serving 108 months for violating 18 U.S.C. § 922(g)(1). *United States v. Smith*, 08-cr-00038-SEB-TAB-1 (S.D. Ind. 2013) ("Criminal Case"). Petitioner was enhanced under the sentencing guidelines due to gang activity and obstruction of justice. (Doc. 1, pp. 6-7). Petitioner requests that his sentence be vacated and that he be resentenced. (Doc. 1, p. 8).

Petitioner was sentenced on January 20, 2009 after a jury verdict against him. (Criminal Case, Doc. 61). He filed a Notice of Appeal on January 23, 2009. (Criminal Case, Doc. 62). The Seventh Circuit dismissed the appeal on March 24, 2010. (Criminal Case, Doc. 90); *United States v. Smith*, 364 F. App'x 263 (7th Cir. 2010). Petitioner also filed a motion pursuant to 28 U.S.C. §

2255 in the district court; it was denied for lack of merit on July 26, 2013. (Criminal Case, Doc. 94, 96).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## The Petition

Petitioner alleges that he relies on *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016). (Doc. 1, p. 4). However, other than a statement to that effect, the only argument Petitioner makes is that the grounds for his enhancements–his gang activity and the obstruction of justice–were never submitted to a jury or proved beyond a reasonable doubt. (Doc. 1, pp. 6-7).

## Discussion

The purpose of this Order is not to address the merits of Petitioner's arguments, but rather to determine whether he has adequately triggered the savings clause. Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown*

v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). In this case, Petitioner is clearly attacking his sentence.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Petitioner cannot satisfy the first *Davenport* requirement. Although his Petition states that he relies on *Mathis*, his arguments do not flow from that decision. *Mathis* addressed a challenge to a sentence under the Armed Career

3

Criminal Act, 18 U.S.C. 924(e)("ACCA"). 136 S.Ct. at 2247. Courts have also applied *Mathis* to the career offender sentencing guidelines, § 4B1.1. *See United States v. Edwards*, 836 F.3d 831, 834 n. 2 (7th Cir. 2016). Petitioner was not sentenced under either the ACCA or the career offender guidelines. Petitioner was sentenced pursuant to 18 U.S.C. § 922(g) and enhanced under § 2K2.1(b)(6) and § 3C1.1. (Doc. 1, pp. 8, 10). Those provisions were not discussed in *Mathis*. Thus, *Mathis* is not applicable to his situation, and Petitioner cannot use *Mathis* to trigger the savings clause.

Moreover, Petitioner's main argument here is that a jury should have had to determine beyond a reasonable doubt that he was eligible for the sentencing enhancements he received. The Seventh Circuit specifically considered that argument during Petitioner's direct appeal, and rejected it stating, "[w]e have explained repeatedly, however, that *Booker* holds that guideline adjustments are for the sentencing court to decide, not the jury." *Smith*, 364 F. App'x at 267. (citations omitted). That means that the argument Petitioner raises here was raised in an earlier proceeding, and was available to Petitioner prior to the *Mathis* decision. Although such a finding is beyond the scope of this order, it strongly suggests that this entire action is frivolous.

The Court finds that Petitioner has failed to establish that he has triggered the savings clause in § 2255(e). Accordingly, the § 2241 Petition shall be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.19
15:30:19 -05'00'

**United States District Judge**